USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 9/24/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR DIDIA,<br><br>Plaintiff,<br><br>-against-<br><br>PELOTON INTERACTIVE INC., SAQIB BAIG, and TIM HANNAN,<br><br>Defendants. | Case No. 1:26-cv-00044 (MKV)<br><br>**~~[PROPOSED]~~ STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Mary Kay Vyskocil, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The person producing any given Discovery Material may designate as Confidential only the portion of such material the public disclosure of which is restricted by law or would cause harm to the business, commercial, financial, privacy, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed. Information that is publicly available shall not be designated Confidential. Confidential material may include:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) previously non-disclosed documents and materials relating to proprietary business practices, policies, and/or procedures;

(e) non-public family, medical, mental health and/or employment records;

(f) any information of a personal or intimate nature regarding any individual; or

(g) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are being designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having previously received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters, provided that the parties shall seek to file any material designated as Confidential under seal pursuant to the provisions set forth in Paragraphs 9-11 of this Agreement and by the Individual Rules of the Court.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel only upon Court order or if the person is offered as a witness at deposition or trial, before such testimony.

9. In accordance with Rule 9 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a motion or letter brief and the proposed sealed documents, explaining the particular reason for seeking to file the information under seal. Parties are directed to the Court's Individual Practices for additional filing requirements and instructions as to filing under seal which must be followed.

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

(a) At least three business days prior to filing any Confidential Court Submission, the Parties shall confer and attempt to agree to remove the "Confidential" designation from any Confidential Discovery Material, and/or attempt to agree upon any other reasonable mechanism, so as to avoid the need for either Party to file documents with redactions or under seal.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The challenged material shall be treated as Confidential pending resolution of the dispute. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(D) of this Court's Individual Practices. The Producing Party bears the burden of establishing that the designation is proper.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. No additional limit shall apply unless the Parties agree in writing or the Court orders it. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(D) of this Court's Individual Practices.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing

contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy or sequester all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed or sequestered. If the receiving party challenges the claim, it may retain a sequestered copy solely for purposes of presenting the dispute to the Court under seal consistent with Fed. R. Civ. P. 26(b)(5)(B).

19. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party or destroy such material, including all copies thereof. By the 60-day deadline,

the recipient must certify its return or destruction to the Producing Party. Notwithstanding this provision, counsel for the Parties may retain archival copies of pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, attorney work product, and materials required to be maintained by law, court rule, or counsel's document-retention policies, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

~~23. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.~~

**SO STIPULATED AND AGREED**:

Dated: New York, New York
September 22, 2026

**MIZRAHI KROUB LLP**

By: s/ Louis M. Leon
Louis M. Leon, Esq.
*Attorneys for Plaintiff*
225 Broadway, 39th Floor
New York, New York 10007
(212) 595-6200
LLeon@mizrahikroub.com

Dated: New York, New York
September 22, 2026

**EPSTEIN BECKER & GREEN, P.C.**

By: *s/James D. Mackinson*
Jeremy M. Brown, Esq.
James D. Mackinson, Esq.
*Attorneys for Defendants*
875 Third Avenue
New York, New York 10022
(212) 351-4500
JMBrown@ebglaw.com
JMackinson@ebglaw.com

**SO ORDERED**.

Dated: September 24, 2026

Mary Kay Vyskocil
Hon. Mary Kay Vyskocil
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR DIDIA,<br><br>Plaintiff,<br><br>-against-<br><br>PELOTON INTERACTIVE INC., SAQIB BAIG, and TIM HANNAN,<br><br>Defendants. | Case No. 1:26-cv-00044 (MKV)<br><br>**NONDISCLOSURE AGREEMENT** |

Mary Kay Vyskocil, United States District Judge:

I, _________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder.

Executed this _____________, 20__

Sign Name: _______________________________

Type or Print Name:_________________________